13-1534-cr (L)
United States v. Komasa

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 28th day of August, two thousand fourteen.

Present:     ROSEMARY S. POOLER,
             PETER W. HALL,
             RAYMOND J. LOHIER, JR.,
                          *Circuit Judges*.

———————————————————————————————————————

UNITED STATES OF AMERICA,

                          *Appellee*,

             -v-                          13-1534-cr(L); 13-1550-cr(con)

THOMAS KOMASA, HEIDI KOMASA,

                          *Defendants-Appellants*.


———————————————————————————————————

Appearing for Appellants:     ELIZABETH D. MANN, Tepper Dardeck Levins & Gatos, LLP,
                              Rutland, VT,  *for Defendant-Appellant Thomas Komasa*

                              STEVEN YUROWITZ, Newman & Greenberg, New York, NY,
                              *for Defendant-Appellant Heidi Komasa*

Appearing for Appellee:       GREGORY L. WAPLES, Assistant United States Attorney
                              (Tristam J. Coffin, United States Attorney; Paul J. Van de Graaf,
                              Assistant United States Attorney, *on the brief*), Burlington, VT

Appeal from the United States District Court for the District of Vermont (Sessions, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgments of said District Court be and it hereby is **AFFIRMED**.

Thomas and Heidi Komasa appeal from their convictions on multiple counts of mail, wire and bank fraud, and conspiracy, after a jury trial in the United States District Court for the District of Vermont (Sessions, *J.*). Their convictions flow from a mortgage fraud scheme in which the Komasas purchased and refinanced various residential properties in the greater Burlington area in the mid-2000s. The Komasas' challenge to the district court's admission of the mortgage loan files as self-authenticating is addressed in a separate opinion filed contemporaneously with this summary order. In this summary order, we address the remainder of defendants' arguments. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Both defendants challenge the judgment of conviction on the ground of insufficient evidence. In reviewing a jury's finding of guilt, we must view the evidence "in the light most favorable to the prosecution," *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), and determine "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt," *id.* at 318. Defendants challenging the sufficiency of the evidence bear "a heavy burden." *United States v. Hassan*, 578 F.3d 108, 122 (2d Cir. 2008). All reasonable inferences are to be drawn in the government's favor, and we defer to the jury's credibility assessments. *United States v. Sabhnani*, 599 F.3d 215, 241 (2d Cir. 2010).

We reject defendants' sufficiency arguments. First, each mortgage application was sent to the Komasas for their review. The applications required the signer to attest that "the information provided in this application is true and correct as of the date set forth opposite my signature," and acknowledge that "any misrepresentation" on the application could subject the applicant to civil and criminal penalties. App'x at 198-99. A rational juror could conclude that even if errors were initially introduced by others during the application process, the Komasas were guilty of misrepresentation when the applications were signed because they attested to the truthfulness of the information contained therein. Moreover, the government proferred evidence to support its theory that the two worked together on the scheme, with Thomas identifying the properties, negotiating with the sellers and lenders, and filling out the loan applications. Finally, even assuming "gross monthly income" is susceptible to multiple meanings, a rational juror could look at Heidi's claimed income representations of between $6,667 and $20,000 a month made on the loan applications, compare that with the government's evidence that the Komasas, in fact, had little to no earned income, and conclude that there was a material misrepresentation as to income on the mortgage applications.

Both Komasas also argue that the government failed to prove National City Bank of Indiana was insured by the Federal Deposit Insurance Corporation ("FDIC") during the relevant time frame of 2005 and 2006 – a required element to establish bank fraud. The government introduced testimony from James Fanning, an employee of the bank. Fanning testified that there were three entities – National City Bank of Ohio, Michigan and Kentucky– that, along with National City Bank of Indiana, "all collapsed their charters into one, just to call it National City Bank" in 2007. App'x at 520. Fanning also testified that as of 2005, National City Mortgage

became a division of National City Bank, and the bank became the source of the funds for the mortgages.  On redirect, the government asked Fanning:

> Q:  In 2005 and 2006, both, was National City Bank a financial institution whose deposits were insured by the FDIC then?
>
> A:  Yes.

App'x at 518.  The Komasas argue that Fanning's testimony failed to show that National City Bank of Indiana was FDIC insured.  The government argues that taking all of its questions together, it established that National City Bank of Indiana was federally insured during the relevant time period.  While the government could have more artfully worded its question, the reasonable inference drawn from Fanning's testimony is that the National City Bank of Indiana was FDIC insured during the relevant time period.

We have considered the remainder of the Komasas' arguments that are not the subject of the accompanying opinion, and find them to be without  merit.  Accordingly, the judgments of the district court hereby are AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3